IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 24-10043-JWB

DEVIN DEWATER,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' pro se motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 34). The motion is briefed and ripe for decision. (Docs. 44, 47.)[1] For the reasons stated herein, Defendants' motion to vacate is DENIED.

## I. Facts

On April 16, 2024, Devin Dewater ("Defendant") was indicted on one count of possession of an unregistered firearm and two counts of possession of a firearm by a convicted felon. (Doc. 13.) On December 2, 2024, Defendant pled guilty as part of a plea agreement to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(l). (Doc. 28.) The following pertinent facts were admitted as part of his plea agreement:

> On March 22, 2024, in the district of Kansas, Devin P. Dewater, a.k.a., Devin Potter, the defendant, knowing that he had previously been convicted of a felony did knowingly possess a firearm . . .
>
> The evidence in this case shows that prior to the above date of offense (in around January of 2024), the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) learned that an individual had been arrested in Pratt, KS for charges including Possession of a Weapon by a Convicted Felon. That individual had attempted to sell stolen firearms to a Federal Firearms Licensee (FFL) on or about January 24, 2024. That individual had confessed to stealing those firearms and several more from a storage facility in Alva, Oklahoma. The incident had resulted in the alleged

[1] Plaintiff has not filed a reply brief and the time to do so has passed.

theft of approximately two hundred (200) firearms. Furthermore, the individual told Pratt Police that the individual had sold around half of the stolen firearms in the Wichita, Kansas area.

On March 21, 2024, ATF conducted a covert operation with the purpose of obtaining firearms from that individual. ATF Undercover Agents (UCl and UC2) arraigned [sic] to meet the individual in Wichita, Kansas. That individual agreed to the potential sale and took UCl and UC2 to a separate address to conduct the firearms transfer. UCl and UC2 were taken to . . . the address belonging to the Defendant, Devin P. Dewater, a.k.a. Devin Potter.

Specifically, on that date, the defendant, from inside of the defendant's residence, assembled and sold to two people (UCl and UC2-who the defendant did not know were law enforcement officers) a 17 Design and Manufacturing, model 17DM15, .223 caliber firearm (short-barreled rifle) in exchange for $1,500.00.

On March 22, 2024 (the next day), ATF conducted surveillance on Dewater in anticipation of obtaining a federal arrest warrant and search warrant for Dewater and his residence. ATF observed Dewater exit his residence and enter a blue 2023 Ford Fl50 XLT truck bearing New York registration LEE3187-this was a rental vehicle. ATF followed him to the Towne West Mall, located at 4600 W Kellogg Dr in Wichita, Kansas. ATF observed Dewater exit the vehicle and enter Dicks Sporting Goods. Once he exited the business, he was arrested (probable cause from the earlier sale/possession of firearm). A request for K9 assistance by ATF was issued, and Derby Police Service Dog Jax alerted to the presence of narcotics on the vehicle. A subsequent search of the vehicle was conducted, and the following items were seized, including items seized from Dewater at the time of his arrest:

- One (1) Palmetto State Armory, Model Dagger Compact, 9x19 caliber pistol (S/N FG222528) found underneath the driver's seat.
- Fifty (50) rounds of ammunition (assorted manufacturers and calibers) contained within two (2) firearms magazines located within the vehicle prior to separation.
- Two (2) thirty (30) round pistol magazines.
- One (1) ballistic vest.
- One (1) firearms holster,
- One (1) baggy containing a white crystalized substance suspect methamphetamine found in a pocket of a pair of jeans that had been located underneath the driver's side rear seat.
- One (1) Baggy containing various assorted pills suspect narcotics and suspect marijuana obtained from a yellow plastic vape.

The defendant is a previously convicted felon who has previously served more than 12 months in custody in the cases below:

A. 16CR160 (Reno County, KS)
   a. Crime: Burglary
   b. Sentence imposed: 13 months KDOC

> B. 18CR122 (Reno County, KS)
>
> a. Crime: Criminal discharge of firearm; Recklessly at occupied dwelling
>
> b. Sentence imposed: 27 months KDOC
>
> Thus, at the time he possessed the firearm, the defendant knew that he was in the class of those, specifically convicted felons, who could not legally possess a firearm.

(*Id.* at 2–3 (uncorrected spelling and grammatical errors in original).) In advance of sentencing, the court ordered a presentence report ("PSR") to be completed by the probation office. The PSR calculated that Defendant's total offense level was 25 and his criminal history category was VI, yielding an advisory guideline sentencing range of 110–137 months' imprisonment. (Doc. 30.)

On March 13, 2025, a sentencing hearing was held. Defendant appeared with defense counsel and represented to the court that he was satisfied with his counsel's performance. (Doc. 41 at 4.) The court sentenced Defendant to 110 months imprisonment and 3 years supervised release. (Doc. 32.) In doing so, the court accepted the PSR calculation and the parties' jointly recommended sentence. (Doc. 41 at 4–5, 12–13.) Defendant did not appeal his sentence.

On April 6, 2026, Defendant filed the instant motion to vacate his sentence through 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel and prosecutorial misconduct. (Doc. 34.) The court rejects these arguments and, for the reasons explained, declines to set a hearing.

## II. Standard

Section 2255(a) of Title 28 of the U.S. Code provides in part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Unless the motion and the record of the case conclusively show the prisoner is entitled to no relief, the court must promptly grant a hearing. 28

U.S.C. § 2255(b). However, if it plainly appears from the motion, any attached exhibits, and the record that the moving party is not entitled to relief, the judge must dismiss the motion. Rule 4(b), Rules Governing Section 2255 Proceedings; *see United States v. Santiago*, No. 19-10055-JWB, 2021 WL 663201, at *3 (D. Kan. Feb. 19, 2021).

## III. Analysis

As an initial matter, Rule 8(c) of the Rules Governing Section 2255 Proceedings requires a court to appoint counsel if an evidentiary hearing is warranted for a § 2255 motion. Here, the briefs demonstrate that no evidentiary hearing is necessary because the record shows Defendant is not entitled to relief. Thus, the interests of justice do not require appointment of counsel.

Defendant's § 2255 motion seeks vacatur on four grounds. First, he argues ineffective assistance of counsel because his lawyer did not sufficiently advise him of exculpatory facts, thus making his plea agreement involuntary. (Doc. 34 at 4.) He argues ineffective assistance of counsel because his lawyer failed to object to the PSR's recommended 4-level enhancement in offense level for use or possession of a firearm in connection with another felony offense. (*Id*. at 8.) He further argues ineffective assistance of counsel because his attorney failed to file a direct appeal as he requested. (*Id*.) Finally, he argues prosecutorial misconduct because the plea agreement contained redactions and insertions which made his assent to it involuntary. (*Id*. at 9.) The court concludes these arguments lack merit.

### A. Ineffective Assistance of Counsel

Three of Defendant's arguments allege ineffective assistance of counsel. "The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding.'" *Lee v. United States*, 582 U.S. 357, 363 (2017) (citation omitted). "To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's

representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." *Id*. (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Courts considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Strickland*, 466 U.S. at 689. To establish prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

First, Defendant argues ineffective assistance of counsel because his attorney did not sufficiently advise him of exculpatory facts which he believes made his plea agreement involuntary. (Doc. 34 at 4.) In support, he contends that counsel never disclosed the search warrants and supporting affidavits executed in March and July of 2024, that those materials contained "exculpatory" facts, and the outcome of his case would have been different if he saw them. (*Id*.) The court may resolve this claim on the prejudice prong alone. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

When a defendant alleges that his attorney's deficient performance led him to accept a guilty plea rather than go to trial, a defendant "can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee*, 582 U.S. at 363 (citation omitted). Defendant's motion falls short of that mark. He never identifies what the exculpatory facts were, explains why those facts were exculpatory as to the § 922(g)(1) count to which he pled guilty, or describes how knowledge of them would have altered his decision to plead. Those omissions are fatal. First, Defendant does not describe with any level of specificity nor point to any facts that were exculpatory beyond the

blanket statement that they are. Such conclusory allegations fall short of Defendant's burden. *Quintana v. Mulheron*, 788 F. App'x 604, 609 (10th Cir. 2019) ("We have repeatedly held that conclusory allegations are insufficient to warrant habeas relief for ineffective assistance of counsel."). Further, the count of conviction rested on a pistol recovered from Defendant's vehicle following his arrest. (Doc. 28 at 2–3.) It did not rest on anything seized from his residence under either warrant he now questions. So even a successful challenge to those warrants would leave the government's evidence untouched. By contrast, pleading guilty secured Defendant the dismissal of two counts, a three-level reduction for acceptance of responsibility, and a joint recommendation for a sentence at the bottom of the guideline range. (Docs. 28 at 4; 41 at 4, 12–13.) Defendant nowhere explains why rejecting that bargain to, instead, stand trial on three counts would have been a rational course, and his vague allegation that he would not have entered a plea and gone to trial is insufficient to establish prejudice. *United States v. Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007). Beyond bare assertions, Defendant alleges no facts supporting prejudice.

The court also notes that at the change of plea hearing, Defendant affirmed that the factual basis for the charge was true, that he understood the rights he was giving up and the penalties he faced, and that the decision to plead guilty was his alone. (Doc. 40 at 8–9, 16–22, 29–33.) Defendant now asks the court to look past those admissions. But he supplies no explanation for why he knowingly and voluntarily entered into the plea agreement. If counsel had, as Defendant claims, truly kept him in the dark about the evidence in his case, the court wonders why Defendant agreed to the factual recitation from the plea agreement. In any event, Defendant has failed to show that his plea was involuntary. *See United States v. Saucedo-Avalos*, No. 14-20071-02-JAR, 2018 WL 2321952, *6 (D. Kan. May 22, 2018) ("Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of a defendant's statements at a Rule 11

proceeding at which his plea is accepted are conclusively established."). Because Defendant has failed to establish prejudice, his first claim of ineffective assistance of counsel fails.

Next, Defendant argues ineffective assistance of counsel because his lawyer failed to object to the PSR's recommended 4-point enhancement, as he requested. (Doc. 34 at 8.) Defendant does not contend that the enhancement was inapplicable, identify any error in the PSR's calculation, or articulate any ground on which an objection might have succeeded. Presumably, Defendant argues that his counsel's failure to object resulted in the application of an erroneous enhancement. A review of the record, however, shows that this enhancement was properly applied and any objection would have been meritless. The PSR applied a 4-level enhancement because Defendant "possessed his firearm while in [p]ossession of [m]ethamphetamine." (Doc. 30 at 8.) The plain language of the Guidelines directs that a 4-point enhancement be applied under § 2K2.1(b)(7)(B) "[i]f the defendant—used or possessed any firearm . . . in connection with another felony offense." The Tenth Circuit has interpreted that subsection "as requiring the Government to show by a preponderance of the evidence that the firearm facilitated or had the potential to facilitate, i.e., make easier, another felony offense." *United States v. Sanchez*, 22 F.4th 940, 942 (10th Cir. 2022).

Here, the factual basis in the plea agreement, which Defendant expressly agreed was accurate, notes that the pistol underlying the count of conviction was recovered from Defendant's vehicle along with methamphetamine in a pocket of a pair of jeans underneath the driver's seat. (Doc. 28 at 2–3.) As the government points out, possession of methamphetamine, which is designated as a drug severity level 5 under Kansas law, is a state-level felony punishable by imprisonment for a term exceeding one year. *See* K.S.A. § 21-5706. And the Sentencing Guidelines Application Notes define "[a]nother felony offense" under § 2K2.1(b)(7)(B) as "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year,

regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. n.13(C). Accordingly, the possession of a stimulant drug amounts to a felony offense as defined in the Guidelines, meriting an enhancement. *See United States v. Justice*, 679 F.3d 1251, 1253 (10th Cir. 2012) (upholding a similar enhancement where the district court held that possession of methamphetamine amounted to "another felony offense" under the Guidelines).

In his affidavit, Defendant's counsel explains that he discussed the enhancement with Defendant but "did not find any legal basis to object to [it]." (Doc. 47-1 at 2.) Indeed, counsel does not perform deficiently by declining to raise a meritless objection. *United States v. Babcock*, 40 F.4th 1172, 1177 (10th Cir. 2022). Despite Defendant's urging to the contrary, "[c]ounsel does not have to take every position and make every argument that the client requests." *United States v. Boigegrain*, 155 F.3d 1181, 1187 (10th Cir. 1998). Accordingly, the court finds that the allegations fail to show that counsel's representation fell below an objective standard of reasonableness and therefore his second claim of ineffective assistance fails.Finally, Defendant argues ineffective assistance because he "requested an appeal be filed on my behalf which my attorney failed to do." (Doc. 34 at 8.) That is the entirety of the factual details surrounding this allegation presented by Defendant. The government points to Defendant's counsel's affidavit where he states that "[Defendant] did not request that I file a Notice of Appeal on his behalf" (Doc. 47-1 at 2) but concedes that the court must make a credibility determination (Doc. 44 at 25). However, certain credibility determinations do not require an evidentiary hearing, as is the case in the instant matter.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255(b)). That

standard, however, requires Defendant to "allege facts that, if proven, would warrant relief from his conviction or sentence." *United States v. Watts*, No. 14-20118-02-JAR, 2019 WL 1299700, at *2 (D. Kan. Mar. 21, 2019) (citing *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009)). "[A] lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." *United States v. Snitz*, 342 F.3d 1154, 1155–56 (10th Cir. 2003). "But this does not imply that a habeas petitioner is automatically entitled to an evidentiary hearing merely because he makes an allegation that his attorney refused to file an appeal." *United States v. Harrison*, 375 F. App'x 830, 833 (10th Cir. 2010).

The primary issue before the court, therefore, is whether an evidentiary hearing is warranted on Defendant's allegation. The court holds it is not. Here, Defendant's allegation lacks any of the detail necessary to warrant an evidentiary hearing. He does not say when he asked his counsel to file an appeal, whether the request was made in person, by telephone, or in writing, or offer any specifics about a conversation with his counsel regarding filing an appeal. By contrast, the Government has provided an affidavit authored by Defendants' trial counsel, Mr. Moody, who states under oath that Defendant never requested an appeal. (Doc. 47-1 at 2.) "To warrant an evidentiary hearing, a petitioner must present detailed and specific facts to back up his allegation, instead of 'vague, conclusory, or palpably incredible' allegations." *Watts*, 2019 WL 1299700, at *5 (citing *Harrison*, 375 F. App'x at 833)). Defendant's bare assertion, unaccompanied by any supporting detail, does not meet that standard, and it need not be credited over counsel's sworn denial. Based on the record before it, the court concludes that no evidentiary hearing is necessary and that Defendant's allegation is conclusory and lacks supporting factual averments. *See United States v. Fisher*, 38 F.3d 1143, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel

claims that are merely conclusory in nature and without supporting factual averments). Accordingly, Defendant's third claim of ineffective assistance of counsel fails.

**B. Prosecutorial Misconduct**

Finally, Defendant argues the prosecutor engaged in misconduct because the plea agreement contained redactions and insertions which made Defendant's assent to it involuntary. (Doc. 34 at 9.) A claim of prosecutorial misconduct warrants collateral relief only if the challenged conduct was so egregious that it rendered the entire proceeding fundamentally unfair. *Smallwood v. Gibson*, 191 F.3d 1257, 1275 (10th Cir. 1999). Nothing approaching that standard occurred here. The "redactions and insertions" of which Defendant complains were handwritten corrections to the plea agreement—among them, conforming the stated date of the offense to the date the offense actually occurred—each initialed by defense counsel. (Doc. 28 at 1, 5–6.) Those corrected typographical errors in no way prejudiced Defendant: he was shown the changes before his plea was taken, and he agreed that the factual recitation in the plea agreement, as corrected, was true, as evidenced by the following colloquy:

> COURT: Mr. Dewater, is everything the prosecutor just said here in court about the facts of your case true?
> DEFENDANT: Yes, Your Honor.
> COURT: And is everything stated in paragraph numbered 2 of your plea agreement regarding the factual basis for your guilty plea true?
> DEFENDANT: Yes, Your Honor.
> COURT: Although you have received legal advice from your lawyer, is the final decision to plead guilty yours, and yours alone?
> DEFENDANT: Yes, Your Honor.

(Doc. 40 at 30:21–31:7.) Defendant went on to testify that the plea agreement contained all of the promises and understandings between him and the government and that there were no side deals or oral agreements apart from those set forth in the plea agreement. Nor has Defendant established any bias on the part of government counsel. He identifies no conduct evidencing actual bias, and

the record reveals no appearance of the same. Defendant likewise fails to show that he would have received a different sentence absent the corrections; the court imposed the low-end sentence that Defendant himself jointly recommended. (Doc. 41 at 12–13.) Ultimately, the scarce factual recitations offered in support of this claim are insufficient to establish misconduct of any kind, much less misconduct rendering the entire proceeding fundamentally unfair. The claim is denied.

## IV. Conclusion

Defendant's motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 34) is DENIED.

An appeal from a final order on a § 2255 motion may not be taken absent a certificate of appealability, which may issue only if Defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

IT IS SO ORDERED. Dated this 2nd day of September, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE